UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN BOUDREAUX | CIVIL ACTION |
| VERSUS | No. 13-5333 |
| OS RESTAURANT SERVICES, L.L.C. ET AL. | SECTION I |

### ORDER

Before the Court is a motion[1] to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or, in the alternative, to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or, in the further alternative, to transfer the above-captioned matter pursuant to 28 U.S.C. §§ 1404 or 1406, filed by defendants, OS Restaurant Services, L.L.C. and Outback Steakhouse of Florida, L.L.C. (collectively, "Outback"). Plaintiff, Steven Boudreaux ("Boudreaux"), opposes[2] the motion, and Outback filed a reply[3] to plaintiff's opposition. For the following reasons, the motion to dismiss pursuant to Rule 12(b)(1) is **GRANTED**.

### BACKGROUND

The above-captioned case arises out of Boudreaux's alleged termination from Outback on or about May 24, 2013.[4] During his relationship with Outback, Boudreaux signed an "Employment Agreement" containing a noncompetition clause, which provides:

> For a continuous period of two (2) years commencing on termination of the Employee's [Boudreaux's] employment with the Employer [Outback], regardless of any termination pursuant to Section 8 [for cause] or any voluntary termination or resignation by the Employee, the Employee shall not [be employed by or hold an interest in] any steakhouse restaurant . . . that is located or intended to be

---

[1] R. Doc. No. 4.
[2] R. Doc. No. 6.
[3] R. Doc. No. 9.
[4] R. Doc. No. 1-2, ¶ 10.

located anywhere within a radius of thirty (30) miles of any Outback Steakhouse restaurant . . . or any proposed Outback Steakhouse restaurant . . . .[5]

The term "steakhouse restaurant" is narrowly defined to include only restaurants that feature a name including the word "steak," regularly advertise or market the sale of steak, or derive 30% or more of entrée sales from steak.[6] The Employment Agreement also contains nonsolicitation, choice of law, and forum selection provisions.[7]

Boudreaux brought this action in the 32nd District Court for the Parish of Terrebonne, State of Louisiana, on July 8, 2013, and it was removed to this Court on August 9, 2013, on the basis of diversity jurisdiction.[8] Boudreaux seeks a declaratory judgment that the noncompetition agreement is unenforceable under Louisiana law, as well as preliminary and permanent injunctive relief prohibiting Outback from enforcing the terms of the noncompetition agreement.[9]

In his complaint, Boudreaux "avers that a present, actual, justifiable, and substantial controversy exists of sufficient immediacy between Plaintiff and Defendants with respect to the validity and enforceability of the noncompetition" agreement.[10] He contends that his "livelihood and his ability to support his family have been adversely affected [and] irreparable injury, loss or damage will result unless this Court enjoins enforcement of the Employment Agreement."[11]

Regarding its Rule 12(b)(1) motion, Outback asserts: "Boudreaux's factual allegations fail to demonstrate that a justiciable dispute exists. He alleges no facts to suggest that there is an 'immediate' and 'real' controversy between himself and the Defendants."[12] Looking solely to

---

[5] R. Doc. No. 1-2, ¶ 12 (quoting *id.* Ex. A § 10(b)).
[6] *Id.* Ex. A § 10(b).
[7] *Id.* ¶ 23.
[8] R. Doc. No. 1, at 2.
[9] R. Doc. No. 1-2, ¶¶ 22-33.
[10] *Id.* ¶ 23.
[11] *Id.* ¶ 31.
[12] R. Doc. No. 4-1, at 6.

Boudreaux's complaint, Outback argues that it "contains no factual allegations that he is currently seeking to own, work for, or otherwise provide services to a 'steakhouse restaurant.' Nor does it contain allegations that he intends to do any of these things in the immediate future."[13]

In his opposition, Boudreaux contends, "Any argument that plaintiff's claims are 'hypothetical' must be rejected."[14] Boudreaux attaches to his opposition a post-termination letter from Outback, dated July 13, 2013, which reminds him of the noncompetition clause in the Employment Agreement and states that Outback is "aggressive in enforcing its non-competition and confidentiality Agreements."[15] Boudreaux also attaches an affidavit to his opposition which states: "Subsequent to my termination, I have inquired about possible employment with another steakhouse restaurant establishment in order to support my family. I have been advised that I cannot be offered employment until resolution and/or judicial determination regarding the validity and enforceability of the non-competition provision."[16]

Outback's reply memorandum asserts that "[c]rucial factual allegations to establish a dispute are missing" from the complaint.[17] Outback concludes: "In his haste for judicial review, Boudreaux filed this action before he could make the necessary allegations. He is left to ask this Court for an advisory opinion."[18]

---

[13] *Id.* at 3.
[14] R. Doc. No. 6, at 8.
[15] *Id.* at 7-8 (quoting *id.* Ex. D) (emphasis omitted).
[16] R. Doc. No. 6-1, ¶ 12.
[17] R. Doc. No. 9, at 2.
[18] R. Doc. No. 9, at 3. The parties also briefed the enforceability of the Employment Agreement's choice of law and forum selection clauses, which may turn on whether Boudreaux is properly considered an "employee" under Louisiana law. *See* R. Doc. No. 4-1, at 8-20. Because the Court decides the motion on jurisdictional grounds, it makes no ruling relative to Boudreaux's "employee" status or the enforceability of the Employment Agreement.

## LAW AND ANALYSIS

A. Rule 12(b)(1)

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

The Fifth Circuit provides a three-step framework when analyzing whether a court should dismiss a suit seeking declaratory relief. "A federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003); *see also Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 894-95 (5th Cir. 2000) (conducting the three-step analysis in a declaratory judgment action where a defendant "moved to dismiss, alleging that no actual controversy existed between" the parties). Because the burden of proof on a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction, "plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161. The inquiry must end at the first step if the action is not justiciable. *Orix*, 212 F.3d at 895 ("Here, the district court erred in moving beyond the first step of this inquiry.").

Outback focuses on the first step of the Fifth Circuit's framework, arguing that plaintiff's claim is nonjusticiable because "'[d]eclaratory judgments cannot be used to seek an opinion

4

advising what the law would be on a hypothetical set of facts.'"[19] According to defendants, "Boudreaux's complaint asks this Court for an opinion advising him on the enforceability of restrictive covenants if—*hypothetically*—he were trying to own or work for a competing 'steakhouse restaurant' and Defendants were trying to prevent him by attempting to enforce the covenants."[20] Outback concludes, "Boudreaux does not allege that he is currently working for a 'steakhouse restaurant' or that he will be working for one in the 'immediate' future [or that] Defendants have informed him that they will attempt to enforce restrictive covenants prohibiting him from working in a 'steakhouse restaurant'" and, therefore, "[t]his Court simply does not have a justiciable dispute before it."[21]

Conversely, Boudreaux contends that he has lost his ability to support his family and that he "cannot be offered [other] employment until resolution and/or judicial determination regarding the validity and enforceability of the non-competition provision."[22] Plaintiff asserts that "an 'actual controversy' related to non-competition provisions . . . is ripe for adjudication [and that] it is not required that Mr. Boudreaux first breach the Employment Agreement before seeking judicial relief."[23] Specifically, plaintiff points to the previously referenced July 13 letter, which advises him "that even though your employment has terminated you remain subject to the confidentiality, non-competition and non-solicitation provisions of your Employment Agreement

---

[19] R. Doc. No. 4-1, at 5 (quoting *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009)). The "party suing for declaratory relief bears [the] burden [of] proving, by a preponderance of the evidence, that an actual controversy exists." *Orix*, 212 F.3d at 987 (*Texas v. West Publ'g Co.*, 882 F.2d 171, 175 (5th Cir. 1989)).
[20] *Id.* at 7.
[21] R. Doc. No. 4-1, at 6-7.
[22] R. Doc. No. 6-1, ¶ 12.
[23] R. Doc. No. 6, at 7.

[and that] Outback Steakhouse is diligent in protecting its proprietary information and aggressive in enforcing its non-competition and confidentiality Agreements."[24]

### B. Facial Versus Factual Attack

"At the outset [the Court] must emphasize a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *see also* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2013) ("As many judicial decisions make clear, a motion under Rule 12(b)(1) may be used to attack two different types of jurisdiction defects."). The U.S. Court of Appeals for the Fifth Circuit has explained:

> A motion to dismiss for lack of subject matter jurisdiction, Rule 12(b)(1), can be based on the lack of jurisdiction on the face of the complaint. If so, the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised—the court must consider the allegations in the plaintiff's complaint as true. *E.g.*, *Spector v. L Q Motor Inns, Inc.*, 517 F.2d 278, 281 (5th Cir. 1975); *Herpich v. Wallace*, 430 F.2d 792, 802 (5th Cir. 1970). But the two motions are treated quite differently when matter outside the complaint is the basis of the attack.

*Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). The court further explained by quoting the U.S. Court of Appeals for the Third Circuit:

> The facial attack [on subject matter jurisdiction] does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

---

[24] R. Doc. No. 6-4, at 2-3.

*Id.* at 412-13 (quoting *Mortensen*, 549 F.2d at 891). "The district court consequently has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* at 413.

Outback's motion is a facial attack on Boudreaux's complaint.[25] Although Outback briefly addresses in its reply memorandum the additional documents that plaintiff attached to his opposition, the Court does not find that any "matter outside the complaint is the *basis* of the attack." *Williamson*, 645 F.2d at 412 (emphasis added). Accordingly, the Court will treat Outback's motion as a facial challenge.

### C.    Justiciability

For the first step of the three-step *Orix* test, "'the question . . . is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment'." *AXA RE Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 319 (5th Cir. 2006) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)); *see also Orix*, 212 F.3d at 896. "For a declaratory judgment action to be justiciable, it 'must be such that it can presently be litigated and decided and [is] not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop'." *AXA*, 162 F. App'x at 319 (quoting *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967)). A case or

---

[25] *See, e.g.*, R. Doc. No. 4-1, at 5 ("A district court 'has the power to dismiss for lack of subject matter jurisdiction on . . . the complaint alone.' This Court need only look at Boudreaux's complaint to find that it lacks subject matter jurisdiction.") (citations omitted)

controversy must be justiciable in order for this Court to be able to exercise its authority. *See* U.S. Const. art. III § 2.

> As stated in *Orix*:
>
> A court should dismiss a case for lack of "ripeness" when the case is abstract or hypothetical. The key considerations are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required.

212 F.3d at 895 (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586-87 (5th Cir. 1987)). Although "[m]any courts have recognized that applying the ripeness doctrine in the declaratory judgment context presents a unique challenge," such actions, "like any other action, must be ripe in order to be justiciable." *Id.* at 896.

Boudreaux is correct that he need not "first breach the Employment Agreement before seeking judicial relief."[26] "The fact that the filing of the lawsuit is contingent upon certain factors does not defeat jurisdiction over a declaratory judgment action." *Id.* at 897. This Court must "take into account the likelihood that these contingencies will occur" and "'focus[] on whether an injury that has not yet occurred is sufficiently likely to happen to justify judicial intervention.'" *Id.* (quoting *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993)). "Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis." *Id.* at 896.

Boudreaux cites *Orix* for the proposition that "'[t]he threat of litigation, if specific and concrete, can indeed establish a controversy upon which declaratory judgment can be based.'"[27] But a more complete explanation is that "threats of legal action, alone, cannot create an actual controversy under the Declaratory Judgment Act. [Plaintiffs] must still demonstrate that the

---

[26] *Id.*; *see also MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 132-34 (2007).
[27] R. Doc. No. 6, at 7 (quoting *Orix*, 212 F.3d at 897).

controversy was *sufficiently immediate and real.*" *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 751 (5th Cir. 2009) (citation omitted) (emphasis added). "Declaratory judgments cannot be used to seek an opinion advising what the law would be on a hypothetical set of facts." *Id.* at 748 (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

The allegations in Boudreaux's complaint are sparse. Although Boudreaux goes into detail about the circumstances surrounding his termination,[28] he alleges almost nothing about his post-termination activity. In count one of his complaint, which asks for a declaratory judgment, Boudreaux offers a conclusory allegation "that a present, actual, justifiable, and substantial controversy exists of sufficient immediacy."[29] Boudreaux also states that the "resolution of this matter directly impacts Plaintiff's livelihood."[30] In count two, which is a request for injunctive relief, Boudreaux asserts that his "livelihood and his ability to support his family have been adversely affected" and "irreparable injury, loss or damage will result unless this Court enjoins enforcement of the Employment Agreement."[31]

The Court will not consider anything other than the complaint and its attached and incorporated documents, but it will treat all the complaint's allegations as true. Boudreaux's complaint does not allege either any specific threat of litigation or that he has undertaken any specific course of action that will make litigation a certainty. Boudreaux's complaint does not even allege that he intends or desires to work for a "steakhouse restaurant" as defined in the Employment Agreement.

The Court is sympathetic to Boudreaux's claim to the extent that, as the Supreme Court has acknowledged, to "imperil a man's livelihood" is serious matter. *See MedImmune*, 549 U.S.

---

[28] R. Doc. No. 1-2, ¶¶ 4-11.
[29] *Id.* ¶ 23.
[30] *Id.* ¶ 25.
[31] *Id.* ¶ 31.

at 132 (internal quotation marks omitted). However, the general assertion that Boudreaux's "livelihood and his ability to support his family have been adversely affected,"[32] without more, does not demonstrate to the Court that a breach and attempted enforcement of the Employment Agreement "is sufficiently likely to happen to justify judicial intervention." *Orix*, 212 F.3d at 897 (internal quotation marks omitted). On the basis of his complaint, Boudreaux's claim is "hypothetical, conjectural, conditional [and] based upon the possibility of a factual situation that may never develop." *AXA*, 162 F. App'x at 319; *see also Kelly v. Evolution Markets, Inc.*, 626 F. Supp. 2d 364, 374-75 (S.D.N.Y. 2009) (finding that a former employee's claim for declaratory relief invalidating a non-recruitment agreement was not ripe where he "ha[d] not identified any such potential recruit"); *Bruhn v. STP Corp.*, 312 F. Supp. 903, 906 (D. Colo. 1970) ("It is therefore clear that the plaintiffs are merely apprehensive, but have not nevertheless even begun to pursue a course of action which would lead them down the path toward litigation.").

## CONCLUSION

For the foregoing reasons, the Court does not find that Boudreaux's complaint alleges "a substantial controversy, between parties having adverse legal interests, of *sufficient immediacy and reality* to warrant the issuance of a declaratory judgment." *See MedImmune*, 549 U.S. at 127 (internal quotation marks omitted) (emphasis added). This Court lacks subject matter jurisdiction over plaintiff's claim. Accordingly,

**IT IS ORDERED** that the motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is **GRANTED**.

**IT IS FURTHER ORDERED** that, to the extent that the motion requests a dismissal for improper venue or a transfer of venue, the motion is **DISMISSED AS MOOT**.

---

[32] *Id.* ¶ 31.

...
...

**IT IS FURTHER ORDERED** that the above-captioned case is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, October 21, 2013.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**